# UNITED STATES DISTRICT COURT

for the

EASTERN District of KENTUCKY

CENTRAL Division

Eastern District of Kentucky
FILED
FEB 17 2026
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

CORY L. CHENAULT, SR.

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

SEE ATTACHED -(1.)

Defendant(s)

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 5:26-cv-51-GFVT

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | CORY L. CHENAULT |
| Street Address | 1598 RUSSELL CAVE ROAD |
| City and County | LEXINGTON, |
| State and Zip Code | KENTUCKY 40505 |
| Telephone Number | 859·916·2006 |
| E-mail Address | |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | AT&T INC. |
| Job or Title *(if known)* | COMPANY |
| Street Address | 208 S. AKARD STREET |
| City and County | DALLAS, DALLAS-FORT WORTH (METROPLEX) |
| State and Zip Code | TEXAS, 75202 |
| Telephone Number | 1·(844)·912·0202 |
| E-mail Address *(if known)* | UNKNOWN |

Defendant No. 2

| | |
|---|---|
| Name | JOHN STANKEY |
| Job or Title *(if known)* | PRESIDENT & CEO |
| Street Address | 208 S. AKARD STREET |
| City and County | DALLAS, DALLAS-FORT WORTH (METROPLEX) |
| State and Zip Code | TEXAS, 75202 |
| Telephone Number | 1·(844)·912·0202 |
| E-mail Address *(if known)* | UNKNOWN |

Defendant No. 3

| | |
|---|---|
| Name | JOSEPH P. TOCCO |
| Job or Title *(if known)* | SENIOR VICE PRESIDENT & ASST. GENERAL COUNSEL |
| Street Address | 208 S. AKARD STREET |
| City and County | DALLAS, DALLAS-FORT WORTH (METROPLEX) |
| State and Zip Code | TEXAS, 75202 |
| Telephone Number | 1·(844)·912·0202 |
| E-mail Address *(if known)* | UNKNOWN |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CASE NO.

CORY L. CHENAULT SR.,
PLAINTIFF,

VS.

AT&T INC., JOHN STANKEY, IN HIS OFFICIAL CAPACITY AS PRESIDENT AND CHIEF EXECUTIVE OFFICER OF AT&T INC.; AND JOSEPH P. TOCCO, IN HIS OFFICIAL CAPACITY AS SENIOR VICE PRESIDENT AND ASSISTANT GENERAL COUNSEL OF AT&T INC.,
DEFENDANT(S),

COMPLAINT FOR A CIVIL LAWSUIT
(AT&T INC. DATA SECURITY BREACH)

COMES, NOW, THE PLAINTIFF, CORY L. CHENAULT, SR.,


CONTINUE →

PROCEEDING PRO'SE, NON-PERCEIVABLE OF LAW, BRINGS THIS CIVIL ACTION AGAINST DEFENDANT(S), AT&T INC., JOHN STANKEY, AND JOSEPH P. TOCCO, AND ALLEGES AS FOLLOWS:

## I. INTRODUCTION

1. THIS IS AN INDIVIDUAL CIVIL ACTION ARISING FROM DEFENDANT(S) FAILURE TO SAFEGUARD PLAINTIFF'S SENSITIVE PERSONAL INFORMATION, RESULTING IN UNAUTHORIZED ACCESS, DISCLOSURE, AND MISUSE OF THAT DATA IN A LARGE-SCALE DATA SECURITY INCIDENT PUBLICLY DISCLOSED BY AT&T IN JULY 2024.
2. PLAINTIFF, EXPRESSLY AND TIMELY OPTED-OUT OF ANY CLASS ACTION SETTLEMENT RELATED TO THE AT&T CUSTOMER DATA SECURITY BREACH AND BRING THIS ACTION SOLELY ON HIS OWN BEHALF FOR INDIVIDUALIZED DAMAGES AND EQUITABLE RELIEF.
3. DEFENDANT(S) COLLECTED, STORED, MONETIZED, TRANSMITTED, AND RETAINED PLAINTIFF'S PERSONAL INFORMATION WHILE FAILING TO IMPLEMENT REASONABLE AND INDUSTRY-STANDARD DATA SECURITY MEASURES, THEREBY CAUSING CONCRETE, PARTICULARIZED, AND ONGOING HARM.

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question ☐ Diversity of citizenship

SEE ATTACHED-(II.)

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

______________________________

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* ______________________, is a citizen of the State of *(name)* ______________________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ______________________, is a citizen of the State of *(name)* ______________________. Or is a citizen of *(foreign nation)* ______________________.

## II. JURISDICTION AND VENUE

4. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331, BECAUSE THIS ACTION ARISES UNDER FEDERAL LAW, INCLUDING BUT NOT LIMITED TO: A.) SECTION 222 OF THE COMMUNICATIONS ACT OF 1934, AS AMENDED, 47 U.S.C. § 222 (DUTY OF TELECOMMUNICATIONS CARRIERS TO PROTECT CUSTOMER PROPRIETARY NETWORK INFORMATION); B.) SECTION 201(b) OF THE COMMUNICATIONS ACT, 47 U.S.C. § 201(b) (UNJUST AND UNREASONABLE PRACTICES); C.) THE FEDERAL TRADE COMMISSION ACT, 15 U.S.C. § 45(a), AS INCORPORATED THROUGH FEDERAL COMMON LAW DUTIES GOVERNING UNFAIR DATA SECURITY PRACTIES BY COMMON CARRIERS; AND D.) FEDERAL COMMON LAW DUTIES ARISING FROM DEFENDANT(S) ROLE AS CUSTODIANS OF SENSITIVE CONSUMER DATA AFFECTING INTERSTATE COMMERCE.

5. VENUE IS PROPER IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY PURSUANT TO 28 U.S.C. § 1391(b) BECAUSE PLAINTIFF RESIDES WITHIN THE EASTERN DISTRICT OF KENTUCKY CENTRAL DIVISION, A SUBSTANTIAL PART OF THE EVENTS GIVING RISE TO THE CLAIMS OCCURRED WITHIN THIS DISTRICT, AND DEFENDANT(S) REGULARLY CONDUCT BUSINESS AND TRANSACT AFFAIRS WITHIN THIS DISTRICT.

b. If the defendant is a corporation

The defendant, *(name)* ____________________, is incorporated under the laws of the State of *(name)* ____________________, and has its principal place of business in the State of *(name)* ____________________. Or is incorporated under the laws of *(foreign nation)* ____________________, and has its principal place of business in *(name)* ____________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ATTACHED (III.)

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## III. PARTIES

6. PLAINTIFF, CORY L. CHENAULT, SR. IS A RESIDENT OF THE COMMONWEALTH OF KENTUCKY AND WAS A CUSTOMER AND END USER OF AT&T TELECOMMUNICATIONS SERVICES DURING THE RELEVANT PERIOD.
7. DEFENDANT, AT&T INC. IS A DELAWARE CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS IN TEXAS AND PROVIDES TELECOMMUNICATIONS SERVICES NATIONWIDE, INCLUDING IN KENTUCKY, AT&T IS A COMMON CARRIER SUBJECT TO THE COMMUNICATIONS ACT OF 1934.
8. DEFENDANT, JOHN STANKEY, IS THE PRESIDENT AND CHIEF EXECUTIVE OFFICER OF AT&T INC. AND, AT ALL RELEVANT TIMES, EXERCISED FINAL POLICYMAKING AUTHORITY OVER CORPORATE GOVERNANCE, DATA SECURITY, AND RISK MANAGEMENT PRACTICES.
9. DEFENDANT, JOSEPH P. TOCCO, IS SENIOR VICE PRESIDENT AND ASSISTANT GENERAL COUNSEL OF AT&T INC. AND EXERCISED AUTHORITY OVER REGULATORY COMPLIANCE, CONSUMER PROTECTION OBLIGATIONS, AND DATA GOVERNANCE POLICIES.

## IV. FACTUAL ALLEGATIONS

10. AS A CONDITION OF RECEIVING TELECOMMUNICATIONS



CONTINUE →

SERVICES, DEFENDANT(S) REQUIRED PLAINTIFF TO PROVIDE SENSITIVE PERSONAL INFORMATION, INCLUDING NAMES, TELEPHONE NUMBERS, ACCOUNT IDENTIFIERS, USAGE DATA, AND OTHER CUSTOMER PROPRIETARY NETWORK INFORMATION ("CPNI").

11. FEDERAL LAW, INCLUDING 47 U.S.C. § 222, IMPOSES AN AFFIRMATIVE DUTY ON TELECOMMUNICATIONS CARRIERS TO PROTECT THE CONFIDENTIALITY AND SECURITY OF CPNI AND CUSTOMER DATA.

12. DEFENDANT(S) REPRESENTED, EXPRESSLY AND IMPLIEDLY, THAT THEY MAINTAINED REASONABLE AND APPROPRIATE ADMINISTRATIVE, TECHNICAL, AND PHYSICAL SAFEGUARDS TO PROTECT CUSTOMER INFORMATION.

13. ON OR ABOUT JULY 12, 2024, AT&T PUBLICLY DISCLOSED THAT CUSTOMER DATA HAD BEEN UNLAWFULLY ACCESSED AND EXFILTRATED FROM A THIRD-PARTY CLOUD ENVIRONMENT, DARK WEB, IDENTIFIED AS "SNOWFLAKE," WITHOUT AUTHORIZATION.

14. ON OR ABOUT AUGUST 13, 2025, PLAINTIFF RECEIVED WRITTEN NOTICE FROM AT&T CONFIRMING THAT HIS PERSONAL DATA WAS INVOLVED IN THE BREACH. A TRUE AND CORRECT COPY OF THIS NOTICE IS ATTACHED AS EXHIBIT A.

15. THE COMPROMISED DATA INCLUDED INFORMATION SUFFICIENT TO ENABLE AND CREATING HEIGHTENED RISKS OF IDENTITY THEFT, FRAUD, STALKING, AND LONG-TERM INVASION OF PRIVACY.

16. DEFENDANT(S) FAILED TO IMPLEMENT REASONABLE

CONTINUE →

AND INDUSTRY-STANDARD, SECURITY SAFEGUARDS, INCLUDING BUT NOT LIMITED TO: A.) PROPER ACCESS CONTROLS AND CREDENTIAL MANAGEMENT; B.) ADEQUATE MONITORING AND INTRUSION DETECTION; C.) ENCRYPTION OF SENSITIVE CUSTOMER DATA; D.) VENDOR AND THIRD-PARTY RISK MANAGEMENT; AND E.) TIMELY INCIDENT RESPONSE AND CONSUMER NOTIFICATION.

17. DEFENDANT(S) FAILURESCONSTITUTE UNJUST AND UNREASONABLE PRACTICES IN VIOLATION OF 47 U.S.C. § 201(b) AND A BREACH OF THEIR STATUTORY DUTIES UNDER 47 U.S.C. § 222.

18. DEFENDANT(S) DELAYED MEANINGFUL NOTICE AND FAILED TO ADEQUATELY MITIGATE THE FORESEEABLE HARMS CAUSE BY THE BREACH.

19. PLAINTIFF HAS EXPENDED SUBSTANTIAL TIME AND RESOURCES TO MITIGATE HARM, INCLUDING MONITORING ACCOUNTS, SECURING CREDIT, AND RESPONDING TO ONGOING RISKS.

20. PLAINTIFF FACES A CONTINUING AND IMMINENT RISK OF FUTURE HARM DUE TO THE PERMANENT EXPOSURE OF HIS PERSONAL INFORMATION.

## V. CAUSES OF ACTION

### COUNT I - VIOLATION OF THE COMMUNICATIONS ACT OF 1934 (47 U.S.C. §§ 201(b), 222, 206, 207)

CONTINUE →

21. PLAINTIFF INCORPORATES ALL PRECEDING ALLEGATIONS.

22. DEFENDANT(S) ARE COMMON CARRIERS SUBJECT TO THE COMMUNICATIONS ACT OF 1934.

23. DEFENDANT(S) HAD A NON-DELEGABLE STATUTORY DUTY TO PROTECT THE CONFIDENTIALITY AND SECURITY OF CUSTOMER PROPRIETARY NETWORK INFORMATION("CPNI").

24. DEFENDANT(S) ENGAGED IN UNJUST AND UNREASON-ABLE PRACTICES BY FAILING TO IMPLEMENT REASONABLE SAFEGUARDS TO PROTECT PLAINTIFF'S DATA, IN VIOLATION OF 47 U.S.C. § 201(b.).

25. DEFENDANT(S) VIOLATED 47 U.S.C. § 222 BY FAILING TO PROTECT THE CONFIDENTIALITY OF PLAINTIFF'S CPNI.

26. PLAINTIFF SUFFERED ACTUAL DAMAGES AS A DIRECT AND PROXIMATE RESULT OF THESE VIOLATIONS AND IS ENTITLED TO RELIEF PURSUANT TO 47 U.S.C. §§ 206 AND 207.

COUNT II - VIOLATION OF THE SATELLITE HOME VIEWER EXTENSION AND REAUTHORIZATION ACT (SHVERA) (47 U.S.C. §§ 338, 339)

27. PLAINTIFF INCORPORATES ALL PRECEDING ALLEGATIONS.

28. DEFENDANT(S) PROVIDE SATELLITE AND MULTICHANNEL VIDEO PROGRAMMING SERVICES SUBJECT TO SHVERA.

29. SHVERA IMPOSES DUTIES ON PROVIDERS TO LAWFULLY MANAGE SUBSCRIBER INFORMATION AND COMPLY

CONTINUE →

WITH FEDERAL CONSUMER PROTECTIONS.

30. DEFENDANT(S) FAILURE TO SAFEGUARD SUBSCRIBER DATA AND UNLAWFUL HANDLING OF PROTECTED INFORMATION CONSTITUTES A VIOLATION OF SHVERA, ENTITLING PLAINTIFF TO DAMAGES AND EQUITABLE RELIEF.

COUNT III - VIOLATION OF THE CABLE TELEVISION CONSUMER PROTECTION AND COMPETITION ACT (47 U.S.C. § 551)

31. PLAINTIFF INCORPORATES ALL PRECEDING ALLEGATION

32. DEFENDANT(S) ARE CABLE OPERATORS OR VIDEO SERVICE PROVIDERS WITHIN THE MEANING OF 47 U.S.C. § 551.

33. FEDERAL LAW PROHIBITS CABLE OPERATORS FROM FAILING TO ADEQUATELY PROTECT PERSONALLY IDENTIFIABLE INFORMATION OF SUBSCRIBERS.

34. DEFENDANT(S) VIOLATED 47 U.S.C. § 551 BY FAILING TO TAKE ACTIONS NECESSARY TO PREVENT UNAUTHORIZED ACCESS TO PLAINTIFF'S PERSONALLY IDENTIFIABLE INFORMATION.

COUNT IV - NEGLIGENCE (FEDERAL COMMON LAW)

35. DEFENDANT(S) OWED PLAINTIFF A DUTY OF REASONABLE CARE ARISING UNDER FEDERAL COMMON LAW AND THE COMMUNICATIONS ACT IN COLLECTING, STORING, TRANSMITTING, AND SAFEGUARDING SENSITIVE CUSTOMER DATA AFFECTING INTERSTATE COMMERCE.

CONTINUE →

36. DEFENDANT(S) BREACHED THAT DUTY BY FAILING TO IMPLEMENT REASONABLE, INDUSTRY-STANDARD ADMINISTRATIVE, TECHNICAL, AND PHYSICAL SAFEGUARDS DESPITE THE FORESEEABILITY OF HARM.

37. DEFENDANT(S) BREACH RESULTED IN ACTUAL, CONCRETE, AND PARTICULARIZED INJURY TO PLAINTIFF, INCLUDING LOSS OF PRIVACY, MITIGATION COSTS, AND ONGOING RISK OF MISUSE OF HIS PERSONAL DATA.

38. DEFENDANT(S) CONDUCT WAS THE DIRECT AND PROXIMATE CAUSE OF PLAINTIFF'S INJURIES.

COUNT V - NEGLIGENCE PER SE

39. DEFENDANT(S) VIOLATED DUTIES IMPOSED BY FEDERAL STATUTES AND REGULATIONS GOVERNING TELECOMMUNICATIONS CARRIERS, INCLUDING 47 U.S.C. §222 AND IMPLEMENTING FCC REGULATIONS REQUIRING PROTECTION OF CUSTOMER PROPRIETARY NETWORK INFORMATION.

40. THESE STATUTORY VIOLATIONS CONSTITUTE NEGLIGENCE PER SE UNDER FEDERAL LAW.

41. PLAINTIFF SUFFERED DAMAGES AS A DIRECT AND PROXIMATE RESULT OF DEFENDANT(S) STATUTORY VIOLATIONS.

COUNT VI - BREACH OF IMPLIED CONTRACT

42. PLAINTIFF AND DEFENDANT(S) ENTERED INTO AN IMPLIED CONTRACT WHEREBY DEFENDANT(S) AGREED TO PROVIDE TELECOMMUNICATIONS SERVICES AND

CONTINUE →

TO SAFEGUARD PLAINTIFF'S PERSONAL DATA.

43. PLAINTIFF PERFORMED ALL OBLIGATIONS REQUIRED UNDER THE AGREEMENT, INCLUDING PAYMENT FOR SERVICES.

44. DEFENDANT(S) BREACHED THE IMPLIED CONTRACT BY FAILING TO PROTECT PLAINTIFF'S DATA AS PROMISED.

45. PLAINTIFF SUFFERED DAMAGES AS A DIRECT RESULT OF DEFENDANT(S) BREACH.

COUNT VII - UNJUST ENRICHMENT

46. DEFENDANT(S) UNJUSTLY RETAINED FINANCIAL BENEFITS FROM PLAINTIFF WHILE FAILING TO PROVIDE ADEQUATE DATA SECURITY AS REQUIRED BY FEDERAL LAW.

COUNT VIII - INVASION OF PRIVACY

47. DEFENDANT(S) FAILURE TO SAFEGUARD PLAINTIFF'S CONFIDENTIAL AND PRIVATE INFORMATION RESULTED IN UNAUTHORIZED DISCLOSURE AND INTRUSION UPON PLAINTIFF'S SECLUSION.

48. SUCH CONDUCT WOULD BE HIGHLY OFFENSIVE TO A REASONABLE PERSON AND SUPPORTS RELIEF INDEPENDENT OF ANY STATE STATUTORY SCHEME.

COUNT IX - DECLARATORY AND INJUNCTIVE RELIEF

49. PLAINTIFF SEEKS DECLARATORY AND INJUNCTIVE RELIEF REQUIRING DEFENDANT(S) TO COMPLY WITH FEDERAL LAW, IMPLEMENT REASONABLE DATA SECURITY MEASURES, AND DELETE IMPROPERLY

CONTINUE →

RETAINED PERSONAL DATA.

## VI. DAMAGES

50. PLAINTIFF HAS SUFFERED CONCRETE AND PARTICULARIZED DAMAGES, INCLUDING LOSS OF PRIVACY, LOSS OF CONTROL OVER PERSONAL INFORMATION, EMOTIONAL DISTRESS, ANXIETY, MITIGATION COSTS, AND INCREASED RISK OF FUTURE IDENTITY THEFT.
51. PLAINTIFF HAS INCURRED EXPENSES AND SUBSTANTIAL TIME LOSSES IN PROTECTING HIMSELF.
52. DEFENDANT(S) CONDUCT WAS RECKLESS AND DEMONSTRATED CONSCIOUS DISREGARD FOR FEDERALLY PROTECTED CONSUMER PRIVACY RIGHTS.

## VII. JURY DEMAND

53. PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT:

A. ENTER JUDGMENT IN FAVOR OF PLAINTIFF ON ALL

CONTINUE →

COUNTS; B.) AWARD COMPENSATORY AND STATUTORY DAMAGES PURSUANT TO FEDERAL LAW; C.) AWARD PUNITIVE DAMAGES WHERE PERMITTED; D.) GRANT DECLARATORY AND INJUNCTIVE RELIEF REQUIRING LAWFUL DATA SECURITY PRACTICES; E.) AWARD COSTS, AND ANY ALLOWABLE FEES, AMOUNT TO BE DETERMINED AT TRIAL; F.) ENTER INJUNCTIVE RELIEF REQUIRING DEFENDANT(S) TO IMPLEMENT REASONABLE AND INDUSTRY-STANDARD DATA SECURITY MEASURES AND TO DELETE IMPROPERLY RETAINED PERSONAL DATA; G.) AWARD PRE-AND POST JUDGMENT INTEREST AS PERMITTED BY LAW; AND H.) GRANT SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER.

RESPECTFULLY SUBMITTED,

[signature]

CORY L. CHENAULT, SR.
1598 RUSSELL CAVE ROAD
LEXINGTON, KY 40505
(859)·916·2006
PRO SE PLAINTIFF

DATE: 02·17·26

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 02·17·26

Signature of Plaintiff [signature]

Printed Name of Plaintiff CORY L. CHENAULT SR.

### B. For Attorneys

Date of signing: __________

Signature of Attorney __________

Printed Name of Attorney __________

Bar Number __________

Name of Law Firm __________

Street Address __________

State and Zip Code __________

Telephone Number __________

E-mail Address __________

# CERTIFICATE OF SERVICE

PLAINTIFF, PRO'SE
CORY L. CHENAULT, SR.
1598 RUSSELL CAVE ROAD
LEXINGTON, KY 40505
(859)·916·2006

I HEREBY CERTIFY THAT A TRUE COPY OF THIS DOCUMENT, COMPLAINT FOR A CIVIL LAWSUIT (AT&T INC. DATA SECURITY BREACH), HAS BEEN FILED WITH THE CLERK OF UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY CENTRAL DIVISION ON ABOUT THIS 17th DAY OF FEBRUARY, 2026.

I FURTHER CERTIFY THAT, I MAILED A TRUE COPY OF SAID DOCUMENT BY REGULAR U.S. POSTAL MAIL TO ALL PARTIES IN DEFENDANT(S), ON ABOUT THIS 17th DAY OF FEBRUARY, 2026.

DEFENDANT(S):

AT&T INC.
208 S. AKARD STREET
DALLAS, TX 75202

JOHN STANKEY, PRESIDENT & CEO
208 S. AKARD STREET
DALLAS, TX 75202

JOSEPH P. TOCCO, SENIOR VICE PRESIDENT & ASST. GENERAL COUNSEL
208 S. AKARD STREET
DALLAS, TX 75202

CLChenault Sr.
CORY L. CHENAULT, SR.
PRO'SE, PLAINTIFF,