**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH
LITIGATION**                                    MDL No. 3126

**TRANSFER ORDER**

**Before the Panel:**[*]  *Pro se* plaintiff in the action listed on Schedule A (*Chenault*) moves under Panel Rule 7.1 to vacate the order conditionally transferring the action to the District of Montana for inclusion in MDL No. 3126.  Defendant AT&T Inc. opposes the motion and supports transfer.

After considering the parties' arguments, we find that the action involves common questions of fact with the actions transferred to MDL No. 3126, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  The actions in MDL No. 3126 involve common factual questions concerning a cluster of data breaches that occurred on the Snowflake cloud platform from approximately April through June 2024, when a threat actor allegedly exfiltrated the personal information of over 500 million consumers and employees, including AT&T cellular customers. *See In re AT&T Inc. Cellular Customer Data Sec. Breach Litig.*, 753 F. Supp. 3d 1368, 1371 (J.P.M.L. 2024).  The *Chenault* action involves the same factual issues concerning the breach of AT&T data on the Snowflake platform.  Plaintiff does not dispute this common factual core.

In opposition to transfer, plaintiff principally argues that transfer to a distant forum will cause him inconvenience and undue hardship as a *pro se* plaintiff, his chosen venue in Kentucky has a close connection to his claims, and his individual claims will be overshadowed and delayed in a large MDL.  These arguments are unpersuasive.

The alleged inconvenience and burden of litigating in a distant forum and plaintiff's preference for his home court do not weigh against transfer.  While we are sympathetic to plaintiff's concerns, we must look to "the overall convenience of the parties and witnesses in the litigation, not just those of a single plaintiff or defendant in isolation." *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012).  Moreover, it is well-settled that a plaintiff's *pro se* status does not weigh against transfer.  We regularly transfer actions brought by *pro se* plaintiffs to MDLs to ensure that common pretrial proceedings are

---

[*]  Judge Karen K. Caldwell and Judge David C. Norton did not participate in the decision of this matter.

-2-

coordinated. *See, e.g., In re Snowflake, Inc., Data Sec. Breach Litig.*, 813 F. Supp. 3d 1349, 1351 (J.P.M.L. 2025). Such plaintiffs generally benefit from the efforts of lead counsel to advance the litigation and the extensive common pretrial proceedings. We also note that, because transfer is for pretrial proceedings only, there likely will be no need for plaintiff to travel to the transferee forum.[1]

Additionally, individual and class actions routinely are centralized in a single MDL where the actions share a common factual core. *See, e.g., In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 138 F. Supp. 3d 1379, 1380 (J.P.M.L. 2015) ("The Panel routinely includes individual and class actions in a single MDL."). Here, the pretrial proceedings in all actions, including *Chenault*, will overlap regardless of whether the claims are individual or class claims. The risk of delay in the resolution of plaintiff's action does not outweigh the efficiencies to be gained from transfer.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of Montana and, with the consent of that court, assigned to the Honorable Brian Morris for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Matthew F. Kennelly
Acting Chair

Dale A. Kimball          Madeline Cox Arleo
M. Casey Rodgers         Richard Seeborg

---

[1] We further note that the transferee court has utilized videoconferencing for remote hearings in this litigation and that witness depositions typically are held where the witness resides.

**IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH
LITIGATION**                                                          MDL No. 3126

**SCHEDULE A**

Eastern District of Kentucky

CHENAULT v. AT&T, INC., ET AL., C.A. No. 5:26−00051